UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SALVATORE DINOTO,

Debtor.

_____/

SALVATORE DINOTO,

Plaintiff,

vs.

FRANK FARNESE,

Defendant.

_____/

Case No. 14-59127

Chapter 7

Judge Thomas J. Tucker

Adv. Pro. No. 17-4743

**ORDER REMANDING REMOVED CASE TO STATE COURT**

This adversary proceeding is before the Court on the Court's own motion.

On October 26, 2017, Defendant/Counter-Plaintiff Frank Farnese ("Defendant Farnese")

commenced this adversary proceeding by removing to this Court the state court case of *Salvatore*

*DiNoto v. Frank Farnese,* Case No. 14-0387-CZ, which was pending in the Circuit Court for the

County of Macomb, Michigan (the "State Court Case"). The removal was predicated on 28

U.S.C. § 1452(a).

Plaintiff Salvatore DiNoto is the Debtor in a pending Chapter 7 bankruptcy case in this

Court, Case No. 14-59127. That bankruptcy case has been pending since December 14, 2014,

when Plaintiff DiNoto filed his voluntary Chapter 7 bankruptcy petition. On August 17, 2015,

the Court entered an order of discharge in Plaintiff's bankruptcy case (Docket # 26 in Case No.

14-59127).

In the State Court Case, Defendant Farnese filed counterclaims against the Plaintiff Salvatore DiNoto, which included four numbered Counts, seeking damages, among other relief. Both the State Court Case and Defendant Farnese's counterclaims were filed before Plaintiff filed his bankruptcy case, and raise claims and counterclaims that arose before the bankruptcy case was filed. The claims made by Plaintiff in the State Court Case are property of the bankruptcy estate in Plaintiff's pending bankruptcy estate. All the claims and counterclaims remained pending in the State Court Case at the time Defendant Farnese filed his notice of removal in this Court.[1]

The Court finds that Defendant Farnese's action in filing the notice of removal to this Court was a violation of the automatic stay under 11 U.S.C. §§ 362(a)(1), 362(a)(3), 362(a)(6), and a violation of the discharge injunction under 11 U.S.C. § 524(a)(2). *See, e.g.*, *In re Hoskins*, 266 B.R. 872, 876-77 (Bankr. W.D. Mo. 2001) (finding the filing of a notice of removal to be a violation of the automatic stay, and holding that "actions stayed by a bankruptcy filing include removing a pending state court lawsuit to the bankruptcy court if the claim or cause of action is subject to the automatic stay."). As such, the notice of removal is void and of no effect. *See Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 911 (6th Cir. 1993) ("actions taken in violation of" the automatic stay are "invalid and voidable, and shall be voided absent limited equitable circumstances."); *Stratton v. Mariner Health Care, Inc. (In re Mariner Post-Acute Network, Inc.)*, 303 B.R. 42, 47 (Bankr. D. Del. 2003) ("Actions which violate the discharge injunction, similar to actions which violate the automatic stay, are void ab initio.").

---

[1] The pleadings filed in the State Court Case are attached as exhibits to Defendant Farnese's notice of removal (Docket # 1).

For these reasons, the Court must remand this case back to the state court.

Accordingly,

IT IS ORDERED that this removed case is remanded to the Circuit Court for the County of Macomb, Michigan, from which it was removed.

The Clerk of this Court will mail a certified copy of this order of remand to the clerk of the state court.

**Signed on November 3, 2017**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**